IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, ex rel. PAM TUCKER, | ) ) ) | |
|---|---|---|
| Plaintiff(s), | ) ) | |
| V. | ) ) | Civil No. **06-662-JPG** |
| **P.D.L. NAYAK,** | ) ) ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is "Defendant's Motion to Clarify and/or Reconsider the Order of December 4, 2007," seeking to stay the scheduling conference set for January 9, 2008, and to further stay discovery until Judge J. Phil Gilbert rules on defendant's pending motion to dismiss the complaint. By order dated December 4, 2007, a similar motion was denied, in that, in accordance with Local Rule 16.2(a), the scheduling conference was not stayed merely because there was a pending motion to dismiss. The defendant has submitted a proposed schedule, although it is amorphous in that all deadlines follow from the unknown date of the ruling on the motion to dismiss. Plaintiff has not submitted a proposed schedule as required.

Defendant makes much of Local Rule 16.2(a), apparently unaware that that rule has already been approved by the Court of Appeals for the Seventh Circuit. Defendant also ignores the provision in Federal Rule of Civil procedure 26(a)(1) that indicates discovery cannot even commence until after the scheduling conference, wherein a party is supposed to raise any special circumstances that could warrant postponing the immediate commencement of discovery. In

1

those respects, defendant's motion is not well taken.

The Court appreciates that, "if the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility." **Havoco of America, Ltd. v. Shell Oil Co., 626 F.2d 549, 553 (7th Cir.1980).** However, defendant reads *Havoco* too broadly, as discovery is committed to the broad discretion of the Court. ***See generally Corley v. Rosewood Care Center, Inc. of Peoria*, 142 F.3d 1041, 1052 (7th Cir. 1998).** Moreover, even if defendant's motion to dismiss is successful and the Court concludes plaintiff has failed to meet the heightened pleading standard for a claim of fraud, dismissal without prejudice, without an opportunity to file an amended complaint, is rare. **5A Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1296 (3rd ed. 2007);** *see also Fidelity National Title Insurance Co. of New York v. Intercounty National Title Insurance Co.*, **412 F.3d 745, 749 (7th Cir. 2005).** Insofar as defendant cites Judge Gilbert's ruling in *U.S. ex rel. Turner v. Michaelis Jackson & Associates*, No. 03-4219-JPG (Ill.S.D. Feb. 13, 2007), the dismissal of claims for failure to comply with the heightened pleading standard was not with prejudice, and the Court was reviewing an amended complaint. Defendant fails to note that the plaintiff in that action was subsequently granted leave to file a second amended complaint which cured the pleading defects.

**IT IS THEREFORE ORDERED** that defendant's motion to stay the scheduling and discovery conference and/or discovery **(Doc. 26)** is **DENIED**, in that defendant has not presented good cause for any sort of stay.

**IT IS FURTHER ORDERED** that, because the proposed schedule submitted by

defendant reflects a stay of discovery, and because plaintiff has failed to submit a proposed schedule, the scheduling and discovery conference set for **January 8, 2008**, is **CANCELLED**. The Court will issue a scheduling order that conforms with the Local Rules in due course.

**IT IS FURTHER ORDERED** that on or before **January 16, 2008**, plaintiff Pam Tucker shall show cause in writing why she has failed to submit a proposed schedule as required by Local Rule 16.2(a).

**IT IS SO ORDERED.**

**DATED: January 8, 2008**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
