UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE UNITED STATES OF AMERICA *ex rel.* PAM TUCKER,<br><br>Plaintiff,<br><br>v.<br><br>P.D.L NAYAK, M.D.,<br><br>Defendant. | Case No. 06-cv-662-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant P.D.L. Nayak's ("Nayak") motion to dismiss (Doc. 16) pursuant to Federal Rule of Civil Procedure 12(b)(6). Relator Pam Tucker ("Tucker" or "Relator") has responded (Doc. 18), and Nayak has replied to that response (Doc. 19). For the following reasons, the Court will grant the motion.

**I.      Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)); *see United States ex rel. Fowler v. Caremark, R.X., LLC*, 496 F.3d 730, 740 (7th Cir. 2007). Ordinarily, to avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, more stringent standards apply where the complaint alleges fraud. Fed. R. Civ. P. 9(b). Where a complaint alleges fraud, it must "state with particularity the circumstances constituting fraud or mistake." *Id.*

## II. Facts

Nayak is a doctor practicing in the Southern District of Illinois, and Tucker served as an insurance billing clerk in Nayak's office from June 2001 to January 2006. During Tucker's employment, Nayak caused his staff to bill Medicare for certain medical and technical procedures performed while Nayak *was not* in the building where the procedures were performed, knowing that the procedures were only payable under Medicare if the procedures had been performed while Nayak *was* in the building. Tucker alleges that Nayak submitted such bills to Medicare amounting to approximately $50,000 per week and totaling in excess of $10 million.

On September 5, 2006, Tucker filed a sealed complaint against Nayak alleging numerous violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq*. The United States declined to intervene in this action, and on July 17, 2007, the Court unsealed the complaint. Tucker appears to contend Nayak violated the FCA by presenting unauthorized claims to Medicare and/or making false statements to get those claims paid. Nayak moves for dismissal of all of these claims for failure to plead fraud with the specificity required by Rule 9(b).

## III. Analysis

FCA claims must be pleaded in accordance with Rule 9(b). *United States ex rel. Fowler v. Caremark, R.X., LLC*, 496 F.3d 730, 740 (7th Cir. 2007); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003). Rule 9(b) states, in pertinent part, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." As observed in *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990), "[t]his means the who, what, when, where, and how: the first paragraph of any newspaper story."

*Accord Fowler*, 496 F.3d at 740. Generally, this means that "facts such as the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff [must] be alleged in detail." *Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006) (internal quotations omitted).[1]

Relator presumably brings her claim pursuant to 31 U.S.C. § 3729(a)(1) and (2), which impose liability on any person who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval," or any person who "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government."

The crux of Nayak's argument is that Relator failed to allege (1) any materially false statements or claims, (2) the submission of any false certification or statement, (3) any federal statute or regulation that was violated, and (4) any actual, individual improper claim submitted to the United States. Relator believes her general allegations of fraudulent conduct suffice to alert Nayak to the "who, what, when, where and how" and that she need not identify any particular Medicare claim number, date or amount paid. Alternatively, she asks the Court to allow her an opportunity to replead with more specifics.

An FCA plaintiff must identify at least one knowingly false claim that was actually submitted and cannot rely on the mere probability that a claim was filed. *United States ex rel. Crews v. NCS Healthcare of Ill., Inc.*, 460 F.3d 853, 856 (7th Cir. 2006). In *Crews*, a former pharmacy employee alleged, among other things, that her former employer improperly recycled

---

[1] The cases cited in this paragraph were decided under a prior version of Rule 9(b). Because the current version of Rule 9(b), which became effective December 1, 2007, is not substantively different from the prior version, the cited cases continue to remain good law.

3

medication originally paid for by Medicaid for use by nursing home patients and returned to the pharmacy by the nursing homes, by then reselling it for other Medicaid patients. *Id.* at 854-55. She was, however, unable to tie any particular recycled medication to any specific Medicaid claim. *Id.* at 856. Instead, she relied on the probability that the 10% to 20% of the medication returned from nursing homes was probably distributed to some of the 60% of nursing home patients on Medicaid. *Id.* The Seventh Circuit Court of Appeals agreed with three other Courts of Appeal that this is insufficient and that a relator has the burden of pointing to at least a single false claim that was actually submitted, not just probably submitted. *Id.* (citing *United States ex rel. Quinn v. Omnicare, Inc.*, 382 F.3d 432 (3d Cir. 2004); *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.,* 290 F.3d 1301 (11th Cir.2002); *United States ex rel. Aflatooni v. Kitsap Physicians Serv.,* 314 F.3d 995 (9th Cir.2002)). Since the *Crews* relator was unable to do that, the Court of Appeals affirmed the dismissal of her claim. *Id.* at 857.

More recently, in *United States ex rel. Fowler v. Caremark, R.X., LLC*, 496 F.3d 730 (7th Cir. 2007), the Seventh Circuit Court of Appeals confirmed that the relator must identify at least one specific false or fraudulent claim to support a claim that a defendant defrauded the government on a massive scale over a number of years. *Id.* at 740. In *Fowler*, the relators alleged, among other things, a massive scheme by Caremark, a mail order prescription service, to defraud the United States by charging it for prescription medications that were returned by customers. *Id.* at 734. In support of their claim, the relators identified individual prescriptions that were returned and corresponding invoices reflecting charges to the United States for those prescriptions. *Id.* at 741. However, the Court of Appeals concluded that the relators's complaint was insufficient because it failed to identify and describe Caremark's failure to reconcile the

4

apparent double charging through other accounting means or to replace the returned medication free of charge, either of which would have completed the picture of a fraud. *Id.* In reviewing the sufficiency of the allegations of massive fraud, the Court demanded allegations "*at an individualized transaction level*," *id.* at 942 (emphasis in original), of a fraudulent claim and concluded that in the absence of such evidence, the complaint did not satisfy Rule 9(b)'s fraud pleading standard of a false claim and of Caremark's knowledge of a false claim. *Id.* at 941-42.

Consistent with *Crews* and *Fowler*, in several recent cases the Court of Appeals has upheld the dismissal of *qui tam* complaints when the relator has failed to "link" her allegations of fraud "to any claim for payment." *Garst*, 328 F.3d at 378; *United States ex rel. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 601 (7th Cir. 2005). Furthermore, several of its sibling circuits have specifically identified the kind of detail required in cases such as this.

In *United States ex rel. Clausen v. Laboratory Corporation of America, Inc.*, 290 F.3d 1301 (11th Cir. 2002), the relator alleged that Laboratory Corporation of America, Inc. ("LabCorp") defrauded the government by performing unauthorized or excessive tests on individuals in long-term care facilities. *Id.* at 1302-03. In pleading his claims, the relator detailed the precise nature of the scheme (citing his conversations with LabCorp employees about its policies, among other things), attached the form LabCorp would have submitted to Medicare (the HCFA Form-1500) and detailed the testing histories of three patients at two specific facilities with which the LabCorp contracted. *Id.* at 1305-06. He alleged that LabCorp electronically submitted the Form-1500 on the date it provided the service or within a few days thereafter. *Id.* at 1306. The relator failed, however, to attach a bill, claim, Form-1500 or payment and failed to identify the amount of any charge or the date of any claim.

The Eleventh Circuit Court of Appeals found that relator's failure "to allege with any specificity if – or when – any actual improper claims were submitted to the Government [was] . . . fatal." *Id*. at 1311. Stating that bills were submitted "on the date of service or within a few days thereafter" was insufficient. *Id*. at 1312-13 ("If Rule 9(b) is to carry any water, it must mean that an essential allegation and circumstance of fraudulent conduct cannot be alleged in such conclusory fashion.").

The First Circuit Court of Appeals has held that Rule 9(b) requires a relator to "provide details that identify particular false claims for payment that were submitted to the government." *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 232 (1st Cir. 2004). Some of these details include:

> the dates of the claims, the content of the forms or bills submitted, their identification numbers, the amount of money charged to the government, the particular goods or services for which the government was billed, the individuals involved in the billing, and the length of time between the alleged fraudulent practices and the submission of claims based on those practices.

*Id*. at 233. The Tenth Circuit Court of Appeals explicitly adopted this rationale in *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727-28 (10th Cir. 2006), and the Sixth and Eighth Circuit Courts of Appeal have recently held similarly. *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006); *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552 (8th Cir 2006). The point of all these cases is that the actual "presentment" of a false claim is not simply "a ministerial act, but the *sine qua non* of a False Claims Act violation." *Clausen*, 290 F.3d at 1311.[2]

---

[2] It is true that there are district courts within the Seventh Circuit that have held otherwise. In *United States ex rel. Yannacopolous v. General Dynamics*, 315 F. Supp.2d 939, 945 (N.D. Ill. 2004), the court held that the relator did not have to allege, or cite to, "actual false claims" or to

By requiring the who, what, where and when of the alleged fraud, Rule 9(b) requires the plaintiff "to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). "Greater precomplaint investigation is warranted in fraud cases because public charges of fraud can do great harm to the reputation of a business firm or other enterprise (or individual). . . ." *Id.*; *accord Fowler*, 496 F.3d at 740. When a complaint alleges numerous instances of fraud over a multi-year period, however, it would be both impractical and inefficient to require detailed allegations of the who, what, when, where and how of every single submission of a false claim. *See, e.g., United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001); *United States ex rel. Salmeron v. Enterprise Recovery Sys., Inc.*, 464 F. Supp. 2d 766, 768 (N.D. Ill. 2006). A solution responsive to both sets of concerns, and to both Rule 8 and Rule 9, is to require at least a few representative examples. *Peterson v. Comty. Gen. Hosp.*, No. 01-C-50356, 2003 WL 262515, at *2 (N.D. Ill. Feb. 7, 2003); *United States ex rel. Obert-Hong v. Advocate Health Care*, No. 99-C-5806, 2001 WL 303692, at *3

---

the specific dates when the fraudulent activity occurred. *Id.* at 945. While *Yannacopolous* is not the only case to so hold, *see United States ex rel. Salmeron v. Enterprise Recovery Sys., Inc.*, 464 F. Supp. 2d 766, 768 (N.D. Ill. 2006), many more courts have held that some specifics or representative examples are necessary to comply with Rule 9(b). *See, e.g., United States ex rel. Lusby v. Rolls-Royce Corp.*, No. 1:03-CV-0680-SEB/WTL, 2007 WL 4557773, at *5 (S.D. Ind. Dec. 20, 2007) ("Actual claims must be specifically identified because it is the claim for payment that is actionable under the Act, not the underlying fraudulent or improper conduct."); *United States v. Thorek Hosp. & Med. Ctr.*, No. 04 C 8034, 2007 WL 2484333, at *3 (N.D. Ill. Aug. 29, 2007); *United States v. Ortho-McNeil Pharm., Inc.*, No. 03 C 8239, 2007 WL 2091185, at *4-*5 (N.D. Ill. Jul. 20, 2007); *Peterson v. Comty. Gen. Hosp.*, No. 01-C-50356, 2003 WL 262515, at *2 (N.D. Ill. Feb. 7, 2003) ("To be clear, the court does not expect relator to list every single patient, claim, or document involved, but he must provide at least some representative examples."); *United States ex rel. Obert-Hong v. Advocate Health Care*, No. 99-C-5806, 2001 WL 303692, at *3 (N.D. Ill. Mar. 28, 2001) (finding that relator must provide some representative examples).

7

(N.D. Ill. Mar. 28, 2001). This, of course, provides the "link" between the allegations of deceit and an actual claim for payment. *See Gross*, 415 F.3d at 605.

The Relator attempts to distinguish this case from *Fowler* by arguing that, unlike in *Fowler*, here there is no question that Nayak's conduct was fraudulent. This is not so. While it may be likely that if many of Nayak's patients are on Medicare and many of his patients receive procedures while he is not in the building, Nayak probably submitted Medicare claims for procedures that occurred when he was not in the building. *Crews*, however, teaches that probabilities are not enough. Evidence of a concrete claim actually submitted is required to link Nayak's conduct with a false claim for payment from the United States, the crux of an FCA case.

Though the relator in this case has alleged the underlying scheme, she has failed to link these allegations with an actual claim for payment because she has failed to allege "*at an individualized transaction level*," *Fowler*, 496 F.3d at 742, that Nayak knowingly submitted a false claim for payment or made a false statement regarding any specific procedure or patient. She has not identified the date, amount, content of, or payment in connection with even a single false or fraudulent claim or statement. These failures are fatal to the Relator's claim as currently pled.

Accordingly, the Court will grant Nayak's motion to dismiss (Doc. 16), but it will decline to do so with prejudice, as Nayak requests. At this point it appears possible that the Relator may be able to amend her complaint to comply with the requirements of Rules 9(b) and 12(b)(6), and justice requires the Court to allow her that chance. However, should the Relator fail to propose an amended complaint that conforms with the applicable rules, the Court may convert the dismissal to one with prejudice.

**IV.  Conclusion**

For the foregoing reasons, the Court:

•   **GRANTS** Nayak's motion to (Doc. 16);

•   **DISMISSES** the case **without prejudice**;

•   **ORDERS** that the Relator shall have up to and including February 15, 2008, to file a motion for leave to amend the complaint.  The Relator shall submit her proposed amended complaint to the Court for review pursuant to Section 2.10 of the ECF User's Manual; and

•   **WARNS** the Relator that should she fail to timely move to amend her complaint or should the proposed amended complaint fail to comply with Rules 9(b) and 12(b)(6), the Court may deny leave to amend and convert the dismissal of this case to one with prejudice.

**IT IS SO ORDERED.**
**DATED: January 11, 2008**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**