IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEOPLE OF THE UNITED STATES OF AMERICA, ex. rel. PAM TUCKER, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| -vs- | ) No. 06-CV-662-JPG<br>) |
| P.D.L NAYAK, M.D., | )<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

THIS MATTER comes before the Court on relator Pam Tucker's motion to amend (Doc. 34) in which she seeks leave to file an amended complaint. In an order dated January 11, 2008, the Court dismissed Tucker's original complaint under the False Claims Act ("FCA"), 31 U.S.C. § 2739 *et seq.*, for failure to meet the fraud pleading requirements of Federal Rule of Civil Procedure 9(b). Defendant P.D.L. Nayak has responded to the motion (Doc. 35) arguing that the proposed amended complaint does not cure the flaws in the original complaint and would therefore be futile. The Court also considers Tucker's motion to seal or redact portions of the proposed amended complaint to protect the identity and medical information of Dr. Nayak's patients (Doc. 33).

**I.      Motion to Amend (Doc. 34)**

As the Court noted in its earlier order, FCA claims must be pleaded in accordance with Rule 9(b). *United States ex rel. Fowler v. Caremark, R.X., LLC*, 496 F.3d 730, 740 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 1246 (2008); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003). Rule 9(b) states, in pertinent part, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." As observed in *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990), "[t]his means the who, what, when, where, and how: the first paragraph of any newspaper story." *Accord Fowler*, 496 F.3d at 740. Generally, this

means that "facts such as the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff [must] be alleged in detail." *Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006) (internal quotations omitted). An FCA plaintiff must identify at least one knowingly false claim that was actually submitted and cannot rely on the mere probability that a claim was filed. *United States ex rel. Crews v. NCS Healthcare of Ill., Inc.*, 460 F.3d 853, 856 (7th Cir. 2006).[1]

This is a very close call. The amended complaint alleges 30 instances where specific, named patients received specific procedures that were only reimbursable by Medicare as billed if Dr. Nayak was in the same building. It alleges that during those 30 instances, Dr. Nayak was not in the building but caused bills to be submitted to Medicare as if he had been, knowing that he was not entitled to payment as billed. The amended complaint attaches internal billing records for 11 of these patients reflecting the dates of service and the amounts to be charged for those services. Furthermore, the amended complaint provides evidence of meeting agendas showing that at least some of the subject procedures were scheduled at Dr. Nayak's direction to occur in his absence. The amended complaint alleges that in each instance Dr. Nayak caused a claim to be filed with Medicare, through a specific carrier, and sets forth the specific dollar amount of the claim. It also alleges, "Pamela Tucker billed Medicare electronically," *see, e.g.,* Proposed Amended Complaint ¶ 14, and narrows down the date of filing to within a few days. Furthermore, it is alleged that each of the submitted claims was paid by Medicare in a group claim and that Dr. Nayak did not return the payment to Medicare. Finally, the amended complaint alleges Dr. Nayak had the required knowledge of the allegedly fraudulent claims. However, it does not allege the date Medicare

---

[1] The cases cited in this paragraph were decided under a prior version of Rule 9(b). Because the current version of Rule 9(b), which became effective December 1, 2007, is not substantively different from the prior version, the cited cases continue to remain good law.

processed and paid each allegedly fraudulent claim.

The proposed amended complaint meets the requirements of Rule 9(b) for some claims. This is not a case like *Crews* because the proposed amended complaint affirmatively states that certain specific claims were actually filed and does not rely on probabilities. Furthermore, the proposed amended complaint identified at least one allegedly false or fraudulent Medicare claim "at an individualized transaction level" and alleges Dr. Nayak's knowledge and failure to correct payment of the claim. *See Fowler*, 496 F.3d at 742. Nor is it a case like *United States ex rel. Clausen v. Laboratory Corporation of America, Inc.*, 290 F.3d 1301 (11th Cir. 2002), where the failure to identify specifics of any allegedly fraudulent billing, such as the date of the claim or the amount of the charge, resulted in dismissal. Tucker has provided more details than those provided in *Clausen* in that she has provided the amounts of specific bills and has alleged, albeit without actual copies of the claims, that she herself presented for payment specific claims in specific amounts. The Court believes her personal knowledge is enough to overcome the lack of a copy of an actual claim.

In sum, for the majority of claims, the proposed amended complaint is sufficient to satisfy Rule 9(b). There are some claims, however, that are not pled with sufficient specificity. As Dr. Nayak points out, the amended complaint cites no specific claim for the performance of CAT scans or for the performance of any procedure at Shelby Memorial Hospital. Those claims should not be included in the amended complaint.

For these reasons, the Court will grant the motion to amend but will restrict the allegations that can be contained in the amended complaint that is filed.

**II.      Motion to Seal or Redact (Doc. 33)**

The Court finds that in order to maintain the privacy of Dr. Nayak's patients, identifying information in the proposed amended complaint should not be available to the public. Accordingly,

the Court will grant the motion to seal or redact with specific instructions about how the amended complaint must be filed.

### III. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** the motion to amend (Doc. 34);

- **GRANTS** the motion to seal or redact (Doc. 33);

- **ORDERS** that Tucker shall have up to and including April 21, 2008, to electronically file her amended complaint. The amended complaint shall not contain allegations regarding the performance of CAT scans or the performance of any procedure at Shelby Memorial Hospital. The amended complaint shall be redacted to omit the names and identifying information of Dr. Nayak's patients mentioned therein. Exhibits to the amended complaint that identify confidential patient information shall be filed under seal as a separate ECF event;

- **ORDERS** that Tucker shall at the same time electronically file an unredacted copy of her amended complaint under seal using the ECF event "Sealed Document"; and

- **DIRECTS** the Clerk of Court to reopen this case.

**IT IS SO ORDERED.**
**DATED: April 2, 2008**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**