IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel. PAM TUCKER, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 06-cv-662-JPG |
| | ) | |
| v. | ) | |
| | ) | |
| P.D.L. NAYAK, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant P.D.L. Nayak, M.D.'s motion for a rule to show cause why relator Pam Tucker should not be held in contempt for witness tampering (Doc. 59). The motion asserts that Tucker tried to influence a witness by informing her that the defendant was willing to fire her at any moment. The defendant believes this constitutes witness tampering.

"Trying improperly to influence a witness is fraud on the court and on the opposing party." *Ty, Inc. v. Softbelly's, Inc.*, 517 F.3d 494, 498 (7th Cir. 2008). Allegations of witness tampering are serious, and the Court does not take them lightly. Therefore, the Court **ORDERS** Tucker to **SHOW CAUSE** on or before March 13, 2009, why the Court should not use its inherent authority to sanction misconduct to dismiss her case, to assess the defendant's attorney's fees, or to impose some other lesser sanction. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991). The Court **WARNS** Tucker that it may dismiss this lawsuit pursuant to Federal Rule of Civil Procedure 41(b) or the Court's inherent authority to manage its docket, *see In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995), if she fail to timely respond to this order to show cause.

**IT IS SO ORDERED**.
**Dated: March 3, 2009.**

s/ J. Phil Gilbert
**J. Phil Gilbert**
**United States District Judge**