UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THE UNITED STATES OF AMERICA *ex rel.* PAM TUCKER,

Plaintiff,

v.

P.D.L NAYAK, M.D.,

Defendant.

Case No. 06-cv-662-JPG

# MEMORANDUM AND ORDER

This matter comes before the Court on defendant P.D.L. Nayak's motion for summary judgment (Doc. 60). Relator Pam Tucker has responded (Doc. 69), and Nayak has replied to that response (Doc. 70). For the following reasons, the Court will grant the motion.

## I. Standard for Summary Judgment

Summary judgment is appropriate where "the pleadings, the discovery and disclosed materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. If the moving party is defending the claim at trial, he need not provide evidence affirmatively negating the plaintiff's claim. It is enough that he point to the absence of evidence to support an essential element of the plaintiff's claim for which she carries the burden of proof at trial *Celotex*, 477 U.S. at 322-23, 325. Where the moving

party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). Where the defendant has pointed to a lack of evidence for one of the essential elements of a plaintiff's claim, if the plaintiff fails to provide evidence sufficient to establish that element, there is no genuine issue of material fact. *Celotex*, 477 U.S. at 322-23.

## II. Facts

Viewed in Tucker's favor, the admissible evidence establishes the following facts for the purposes of this motion.

Nayak is a doctor practicing in the Southern District of Illinois at Effingham Urology Associates S.C., a practice he owns. Tucker served as an insurance billing clerk in Nayak's office from January 2001 to January 2006. At some points during Tucker's employment, staff at Nayak's office performed certain medical and technical procedures while he was not in the building. It was likely that Nayak caused his staff to bill Medicare for those procedures, although the procedures were only payable under Medicare if they were performed while Nayak or another doctor from Effingham Urology Associates was in the building. However, beginning sometime in 2001, after Tucker brought the billing issue to Nayak's attention, Nayak would sometimes come in early so he would be in the building when early morning procedures were

2

scheduled, rendering those procedures properly billable to Medicare.

Although Nayak may have billed for some service that were not reimbursable by Medicare, Tucker is unable to point to any evidence of a specific bill submitted to Medicare for a specific procedure performed without the proper supervising physician personnel in the building. Her own recollection is insufficient to establish what time any particular patient was treated, what doctors, if any, were in the building at that particular time and what Medicare claim was filed seeking payment for that patient's procedure. Documentary evidence of a particular false claim is likewise lacking.

On September 5, 2006, Tucker filed a sealed complaint against Nayak alleging numerous violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq*. The United States declined to intervene in this action, and on July 17, 2007, the Court unsealed the complaint. After the Court dismissed Tucker's complaint, she filed an amended complaint, which is now the operative pleading in this case. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Tucker contends Nayak violated the FCA by presenting unauthorized claims to Medicare and/or making false statements to get those claims paid. Nayak moves for summary judgment on the basis that Tucker cannot point to any particular claim Nayak submitted knowing it was false.

## III. Analysis

The FCA imposes liability against any person who:

> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; [or] (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid.

31 U.S.C. § 3729(a)(1)-(3).

To prevail on a summary judgment motion in an FCA claim, there must be evidence of at least one knowingly false claim that was actually submitted and cannot rely on the mere probability that a claim was filed. *United States ex rel. Crews v. NCS Healthcare of Ill., Inc.*, 460 F.3d 853, 856 (7th Cir. 2006) (summary judgment); *see United States ex rel. Fowler v. Caremark, RX, L.L.C.*, 496 F.3d 730, 740 (7th Cir. 2007) (dismissal on the pleadings), *cert. denied*, 128 S. Ct. 1246 (2008). The Court reviewed *Crews* in a prior order in this case:

> In *Crews*, a former pharmacy employee alleged, among other things, that her former employer improperly recycled medication originally paid for by Medicaid for use by nursing home patients and returned to the pharmacy by the nursing homes, by then reselling it for other Medicaid patients. *Id.* at 854-55. She was, however, unable to tie any particular recycled medication to any specific Medicaid claim. *Id.* at 856. Instead, she relied on the probability that the 10% to 20% of the medication returned from nursing homes was probably distributed to some of the 60% of nursing home patients on Medicaid. *Id.* The Seventh Circuit Court of Appeals agreed with three other Courts of Appeal that this is insufficient and that a relator has the burden of pointing to at least a single false claim that was actually submitted, not just probably submitted. *Id.* (citing *United States ex rel. Quinn v. Omnicare, Inc.*, 382 F.3d 432 (3d Cir. 2004); *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301 (11th Cir. 2002); *United States ex rel. Aflatooni v. Kitsap Physicians Serv.*, 314 F.3d 995 (9th Cir. 2002)). Since the *Crews* relator was unable to do that, the Court of Appeals affirmed the dismissal of her claim. *Id.* at 857.

Memorandum and Order, January 11, 2008 at 3-4 (Doc. 30). *Crews* confirms that the actual "presentment" of a false claim is not simply "a 'ministerial act,' but the *sine qua non* of a False Claims Act violation." *Clausen*, 290 F.3d at 1311; *see, e.g., United States ex rel. Lusby v. Rolls-Royce Corp.*, No. 1:03-CV-0680-SEB/WTL, 2007 WL 4557773, at *5 (S.D. Ind. Dec. 20, 2007) ("Actual claims must be specifically identified because it is the claim for payment that is actionable under the Act, not the underlying fraudulent or improper conduct.").

Nayak argues that Tucker lacks evidence of an actual, specific claim submitted to Medicare for a specific procedure that was performed under circumstances for which billing for

4

the procedure would amount to a false claim. As she did in her response to Nayak's motion to dismiss, Tucker again argues that the likelihood that Nayak billed for some procedures he should not have is sufficient to withstand disposal of this case. She points to evidence of his office policies regarding treatment scheduling and billing that support an inference that such false claims were highly likely. She also accuses the defendant of preventing her from obtaining evidence of a specific false claim by failing to comply with discovery.

While it is possible, even likely, that if many of Nayak's patients were on Medicare and many of his patients receive procedures while he or another authorized doctor was not in the building, Nayak submitted Medicare claims for procedures that occurred when an authorized doctor was not in the building. *Crews*, however, teaches that probabilities are not enough. Evidence of a concrete false claim actually submitted is required to link Nayak's conduct with a false claim for payment from the United States, the crux of an FCA case. There is no such evidence before the Court. Tucker has failed to point to evidence "*at an individualized transaction level,*" *Fowler*, 496 F.3d at 742, of a particular false claim that Nayak knowingly made. That failure is fatal to Tucker's claim.

To the extent Tucker blames Nayak for her inability to obtain evidence of a specific false claim, her arguments are to no avail. If Tucker was unhappy with Nayak's participation in discovery, she should have filed a motion to compel. If she felt she was unable to respond to Nayak's summary judgment motion in the absence of further discovery, she should have filed a motion under Rule 56(f) to extend her time to respond until she could conduct further discovery. After she failed to take these simple measures to preserve her right to adequate discovery and a fair opportunity to respond to the summary judgment motion, she cannot complain now about

5

Nayak's participation in the discovery process.

## IV. Conclusion

As the Seventh Circuit Court of Appeals has repeatedly stated, "summary judgment is the 'put up or shut up' moment in the life of a case." *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 612 (7th Cir. 2008). In this case, Tucker has simply failed to "put up" evidence of an actual, specific false claim or statement knowingly made by Nayak in an effort to obtain payment from the United States, as required by *United States ex rel. Crews v. NCS Healthcare of Ill., Inc.*, 460 F.3d 853, 856 (7th Cir. 2006). Now, the Court is left with no choice but to grant summary judgment for Nayak.

For this reason, the Court **GRANTS** Nayak's motion for summary judgment (Doc. 60) and **DIRECTS** the Clerk of Court to enter judgment accordingly. This ruling renders **MOOT** Nayak's motion for sanctions (Doc. 76) and the outstanding orders to show cause (Docs. 64 & 66).

**IT IS SO ORDERED.**
**DATED: June 15, 2009**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**